IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TAMMY BREWER, #255909,       ) | |
|              ) | |
|     Plaintiff,     ) | |
|              ) | |
| v.     ) | CASE NO. 2:14-CV-185-MEF |
|              ) | [WO] |
|              ) | |
| ADMINISTRATION OF TUTWILER, *et al.*,     ) | |
|             ) | |
|     Defendants.     ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Tammy Brewer ("Brewer"), an indigent state inmate. In the complaint, Brewer challenges actions regarding the processing of mail at the Tutwiler Prison for Women. Specifically, Brewer complains that an earlier attempt to file a complaint with this court was erroneously mailed to the United States District Court for the Northern District of Alabama, a letter mailed to this court was returned to her for lack of postage and the mail room clerk mishandled an outgoing piece of mail to her father.

Pursuant to the orders of this court, the defendants filed a written report supported by relevant evidentiary materials in which they addressed the claims for relief presented by Brewer. The report and evidentiary materials refute the self-serving, conclusory allegations presented by Brewer in the complaint. These documents demonstrate that correctional officials are not responsible for placing addresses on an inmate's legal mail and Brewer herself, or someone acting on her behalf, addressed the complaint at issue to the United States District Court for the Northern District of Alabama. With respect to the return of mail for lack of postage, correctional officials only provide the allowed two free stamps of postage to an inmate if the inmate requests such action and

officials do not peruse mail placed in the prison mail system to assure the presence of proper postage.  Finally, the only outgoing "legal mail" reviewed by correctional officials was a letter addressed to Brewer's father but improperly labeled as "legal mail" by Brewer.  Additionally, the defendants maintain that they were not involved in the actions about which Brewer complains.

In light of the foregoing, the court issued an order directing Brewer to file a response to the defendants' written report.  *Order of June 12, 2014 - Doc. No. 27*.  The order advised Brewer that her failure to respond to the report would be treated by the court "**as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action**." *Id*. at 1 (emphasis in original).  Additionally, the order "**specifically cautioned [the plaintiff] that [her failure] to file a response in compliance with the directives of this order**" would result in the dismissal of this civil action.  *Id*.  The time allotted Brewer for filing a response in compliance with the directives of this order expired on June 26, 2014.  As of the present date, Brewer has failed to file a requisite response in opposition to the defendants' written report.  The court therefore concludes that this case should be dismissed.

The court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate.  After such review, it is clear that dismissal of this case is the proper course of action at this time.  Brewer is an indigent individual.  Thus, the imposition of monetary or other punitive sanctions against her would be ineffectual.  Additionally, Brewer's inaction in the face of the defendants' report and evidence suggests a lack of interest in the continued prosecution of this case.  Finally, the undisputed evidentiary materials submitted by the defendants indicate that they did not violate the plaintiff's constitutional rights.  It therefore appears that any additional effort by this court to secure her compliance would be unavailing.  Consequently, the court concludes that the plaintiff's

abandonment of her claims and her failure to comply with an order of this court warrant dismissal. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *see also Tanner v. Neal*, 232 F. App'x 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amendment to complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply).

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice. It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **July 30, 2014**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*,

661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 16th day of July, 2014.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE